Filed 8/24/23  P. v. Ackerman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096054 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F04484) |
| v. | |
| JEREMY DALE ACKERMAN, | |
| Defendant and Appellant. | |

Defendant Jeremy Dale Ackerman appeals the trial court's order denying his petition for resentencing after an evidentiary hearing pursuant to Penal Code section 1172.6, subdivision (d).[1]  "At such a hearing, the prosecution is tasked with

---

[1]  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we cite the current section 1172.6 throughout this opinion.

Undesignated section references are to the Penal Code.

1

proving 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to sections 188 or 189 made effective January 1, 2019.' [Citation.]" (*People v. Burgess* (2023) 88 Cal.App.5th 592, 595.) On appeal, defendant contends the trial court "applied the wrong evidentiary standard at the section 1172.6, subdivision (d)(3) hearing." We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury previously found defendant "guilty of first degree murder, burglary, and robbery. On the murder count, the jury found true the allegation that [defendant] personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)) and the felony-murder special circumstances allegations that [defendant] committed the murder while engaged in the commission of robbery and burglary (§ 190.2, subd. (a)(17)(A), (G)).

"The trial court sentenced [defendant] to life in state prison without possibility of parole for the first degree special-circumstance murder. The court imposed and stayed sentence on the remaining counts and allegations." (*People v. Ackerman* (Dec. 8, 2016, C065484) [nonpub. opn.].) Defendant appealed, and we affirmed his conviction. (*Ibid.*)

In 2019, defendant filed a petition under section 1172.6. The trial court issued an order to show cause and held an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). At the hearing, the trial court admitted the "appellate transcripts" and defendant testified. After evidence and argument from counsel, the court said: "there is . . . no question that the law, having changed since the trial resulting in your conviction, were this case tried again tomorrow with the change of law, statutory changes and then Banks and Clark and other appellate holdings – which are contextualized in CALCRIM [No.] 703 – in which jurors would now, were we to try this case, be instructed to consider a number of factors in assessing whether you are a murderer on the facts presented."

The trial court then went through each of the factors in CALCRIM No. 703 (Special Circumstances: Intent Requirement for Accomplice – Felony Murder). The

2

court found that defendant knew that more than one weapon, including lethal weapons, were at the scene and/or were likely to be used: there was a knife, a two-by-four (or skateboard) that defendant used to strike the first blow, garden shears, and a gun. Defendant also was near the victim when the victim was killed and had the opportunity to intervene but did not. The crime resulting in the murder went on for a long period of time (the court suggested it could have been "tried as a torture murder"), and defendant made no effort to minimize "the possibility of violence." "And then, the most significant factor of all, to the Court, is that you personally stabbed the victim, whether it was two times or three times.

"I think that [the prosecutor] is correct, that a jury could easily have found beyond a reasonable doubt that this was a crime of murder, of premeditation, because you personally, knowing that the victim was utterly without defense, abjectly vulnerable, largely as a consequence of your own efforts and actions in tying him up, putting a pillowcase over his sock-gagged face, you stabbed him multiple times, whether it was two or three.

"The only thing that makes that seem somehow not as consequential, as it would be in the typical murder case resulting from a stabbing, is the extraordinary number of wounds inflicted by [the codefendant].

"So there isn't any question on the record here that this would be, and is, a first degree murder with special circumstances, regardless of the change of law." The court concluded, "There's no question that your role was major in this crime, that you were so significant a factor in this case that but for your involvement, [the victim] would still be alive." The trial court denied defendant's petition accordingly.

Defendant appeals.

DISCUSSION

Defendant contends the trial court applied the wrong evidentiary standard at his section 1172.6, subdivision (d)(3) hearing. We disagree.

3

At a section 1172.6, subdivision (d) hearing, the trial judge sits as a fact finder and must determine whether the People have proven beyond a reasonable doubt that the defendant is guilty of murder under amended sections 188 and 189. (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 294-295.) The trial court does not merely decide whether there is substantial evidence for a jury to conclude that the defendant is guilty of murder under a still-valid theory. (*Id.* at pp. 294-295.)

"In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' [Citations.]" (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)

Here, the trial court noted the question presented by the hearing was whether defendant was "a murderer on the facts presented." The court then described the relevant jury instruction for finding that a defendant who was not the actual killer was guilty of special circumstance murder, and it carefully identified evidence from the record to support each element of the crime. (See CALCRIM No. 703; see also *People v. Lopez* (2022) 78 Cal.App.5th 1, 20.) Based on that evidence, the court found that "but for" defendant's role in the attack, the victim would not have been killed, and there was "no question" that defendant was a major participant in the crime that resulted in the victim's death. We thus reasonably interpret the court's finding to be one of guilt beyond a reasonable doubt.

Defendant's only evidence that the trial court applied the wrong standard is the court's statement " 'that a jury could easily have found beyond a reasonable doubt that this was a crime of murder, of premeditation . . . .' " But this statement simply validated what the prosecutor had argued and does not overcome the presumption that the court knew the law and applied it correctly when read in context of the court's entire ruling. Because we find the trial court applied the correct evidentiary standard, we need not address defendant's remaining claims on appeal, all of which are premised on a finding that the trial court applied the wrong standard.

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


/s/
MESIWALA, J.


We concur:


/s/
KRAUSE, Acting P. J.


/s/
BOULWARE EURIE, J.

5